IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEALTHQUEST OF CENTRAL JERSEY, LLC and DIAMOND NATION, LLC<br><br>**Plaintiffs,**<br><br>v.<br><br>ANTARES AUL SYNDICATE 1274; LIBERTY SYNDICATE LIB 4472; ROCKHILL INSURANCE COMPANY; and INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE,<br><br>**Defendants.** | CASE NO.: |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITES STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Defendants, Antares AUL Syndicate 1274 ("Antares"), Liberty Syndicate LIB 4472 ("Liberty"), Rockhill Insurance Company ("Rockhill"), and International Insurance Company of Hannover SE ("IICH") (collectively, "Defendants" or "Underwriters"), by and through their undersigned counsel, Timoney Knox, LLP file this Notice of Removal of the above-captioned matter from the Superior Court of New Jersey, Hunterdon County, to the United States District Court for the District of New Jersey, and, in support thereof, aver as follows:

1. This action relates to a claim presented by Plaintiffs under a commercial insurance policy issued by Underwriters (the "Policy").

2. On or around June 29, 2018, Plaintiffs commenced this litigation by filing a Complaint in the Superior Court of New Jersey, Hunterdon County, which was docketed at HNT-L-000225-18. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

3. Underwriters first received a copy of the Summons and Complaint on July 3, 2018.

4. The United States District Courts hold original jurisdiction over, *inter alia*, all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which are between citizens of different states, 28 U.S.C. § 1332(a)(1).

5. Any civil action brought in a state court over which the District Courts of the United States have original jurisdiction may be removed by the defendant to the District Court for the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

6. Defendants seek to exercise their rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court of New Jersey, Hunterdon County, in which said action is not pending, to the United States District Court for the District of New Jersey, which embraces Hunterdon County.

7. At the time the Complaint was filed and continuing to the present, Plaintiff Healthquest of Central Jersey LLC has been a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located in Raritan Township, Hunterdon County, New Jersey. *See* Exhibit "A," ¶ 1.

8. At the time the Complaint was filed and continuing to the present, Plaintiff Diamond Nation LLC has been a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located in Raritan Township, Hunterdon County, New Jersey. *See* Exhibit "A," ¶ 2.

9. For purposes of establishing diversity jurisdiction, the citizenship of limited liability company is determined by the citizenship of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. 2010); *Hayden Asset VI, LLC v. Silvio Desourza, LLC*, 2014 U.S. Dist. LEXIS 38542 (D.N.J. Feb. 25, 2014).

10. Upon information and belief, all members of Plaintiff Healthquest of Central Jersey, LLC are citizens of New Jersey.

11. Plaintiff Healthquest of Central Jersey, LLC is, therefore, a citizen of New Jersey. *See Zambelli Fireworks*, *supra.*

12. Upon information and belief, all members of Plaintiff Diamond Nation, LLC are citizens of New Jersey.

13. Plaintiff Diamond Nation, LLC is, therefore, a citizen of New Jersey. *See Zambelli Fireworks*, *supra.*

14. At the time the Complaint was filed and continuing to the present, Rockhill has been an insurance company organized an existing under the laws of the State of Arizona with its principal place of business located at 700 West 47th Street, Suite 350, Kansas City, Missouri 64112.

15. Pursuant to 28 U.S.C. § 1332(c)(1), Rockhill is a citizen of Arizona and Missouri.

16. At the time the Complaint was filed and continuing to the present, IICH has been an insurance company organized and existing under the corporate law of the European Union with its principal place of business in Hannover, Germany.

17. Pursuant to 28 U.S.C. § 1332(c)(1), IICH is a citizen of Germany.

18. For purposes of diversity jurisdiction, the citizenship of a Lloyd's syndicate is determined by the citizenship of every participant in the syndicate. *See D'Andrea Constr. Co. v. Old Republic Gen. Ins. Corp.*, 2014 U.S.Dist. LEXIS 143396 (D.N.J. 2014).

19. At the time the Complaint was filed and continuing to the present, Antares has been a Lloyd's syndicate, the participants of which are Antares Underwriting Limited and Antares Capital IV Limited, which are both companies registered in England and Wales.

20. Antares is, therefore, a citizen of England and Wales. *See D'Andrea Constr., supra.*

21. At the time the Complaint was filed and continuing to the present, Liberty has been a Lloyd's syndicate, the sole participant of which being Liberty Mutual Insurance Europe, PLC (now known as Liberty Mutual Insurance Europe SE), which is registered in England.

22. Liberty is, therefore, a citizen of England. *See D'Andrea Constr., supra.*

23. Plaintiffs and Defendants are citizens of different states.

24. Upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

25. Therefore, this action is removable from the Superior Court of New Jersey, Hunterdon County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a) because the citizenship of the Parties is diverse and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

26. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty (30) days after receipt by Defendants of Plaintiffs' Complaint.

27. Pursuant to 28 U.S.C. § 1446(a), copies of all other pleadings, filings and orders served on or by Defendants in the above-captioned litigation are attached hereto.

28. Written notice of the filing of this Notice of Removal will be sent forthwith to counsel of records for Plaintiffs, Bethany L. Barrese, Esquire of Saxe Doernberger & Vita, P.C.

29. A true and correct copy of this Notice of Removal will be filed with the Clerk's office for The Superior Court of New Jersey, Hunterdon County.

30.   The undersigned represents Defendants in this action, which consent to this removal. There are no other defendants whose consent must be obtained relative to the same.

**WHEREFORE**, for the reasons set forth above, Defendants, Antares AUL Syndicate 1274, Liberty Syndicate LIB 4472, Rockhill Insurance Company, and International Insurance Company of Hannover SE, hereby remove this action from The Superior Court of New Jersey, Hunterdon County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**TIMONEY KNOX, LLP**

BY: _____
Matthew B. Malamud, Esquire
400 Maryland Drive
Fort Washington, PA 19034
215-646-6000
215-646-0379 (fax)
mmalamud@timoneyknox.com

*Attorneys for Defendants, Antares AUL Syndicate 1274, Liberty Syndicate LIB 4472, Rockhill Insurance Company, and International Insurance Company of Hannover SE*

Dated: August 2, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEALTHQUEST OF CENTRAL JERSEY, LLC and DIAMOND NATION, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ANTARES AUL SYNDICATE 1274; LIBERTY SYNDICATE LIB 4472; ROCKHILL INSURANCE COMPANY; and INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE,<br><br>Defendants. | CASE NO.: |

## CERTIFICATE OF SERVICE

I, Matthew B. Malamud, Esquire, hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, upon the following:

Bethany L. Barrese, Esquire
Saxe Doernberger & Vita, PC
35 Nutmeg Drive
Trumbull, CT 06611

TIMONEY KNOX, LLP

BY: _____
Matthew B. Malamud, Esquire

Dated: August 2, 2018