| HEALTHQUEST OF CENTRAL JERSEY, et al., | : | UNITED STATES DISTRICT COURT |
|---|---|---|
| | : | DISTRICT OF NEW JERSEY |
| Plaintiffs, | : | |
| | : | Civil Action No. 18-12375 (MAS) |
| v. | : | |
| | : | **MEMORANDUM ORDER** |
| ANTARES AUL SYNDICATE 1274, et al., | : | |
| | : | |
| Defendants. | | |

Before the Court is an application by Plaintiffs to strike the third supplemental expert report authored by Defendants' expert Eric Cunningham (the "Third Supplement"), which was served on October 31, 2019. ECF No. 33. Defendants have opposed Plaintiffs' application. ECF No. 35.

In short, Defendants contend that service of the Third Supplement is untimely and made in bad faith. Pursuant to the January 28, 2019 Scheduling Order, the deadline for Defendants' expert disclosures was May 6, 2019. Plaintiffs consented to a short extension of that deadline, and Defendants' expert disclosures were served on May 10, 2019. The disclosures indicated that Mr. Cunningham had prepared a total of three reports--an initial report dated April 7, 2017, and two supplements dated September 1, 2017, and May 10, 2019, respectively.

On June 25, 2019, Defendants deposed Plaintiffs' expert Kevin J. Miley. As explained by Defendants, "[f]ollowing the deposition of [Mr. Miley], Mr. Cunningham reviewed the transcript to determine if Mr. Miley's testimony affected any of the opinions expressed in Mr. Cunningham's previous reports. Mr. Cunningham's review resulted in the Third Supplement..." ECF No. 35 at 2.

Plaintiffs maintain that Defendants' untimely disclosure is "neither substantially justified nor harmless" and they are prejudiced by the untimely report. ECF No. 33 at 3. While the Third Supplement purports to address the testimony given by Mr. Miley on June 25, 2019, it was served on October 31, 2019, over four months after Mr. Miley's deposition. Further, it was served five months after the deadline for Defendants' expert disclosures, two weeks before the deadline for *Daubert* motions, a month before the dispositive motion deadline, and the day before the close of all fact discovery. Plaintiffs contend the late disclosure "left Plaintiffs hardly any time to consult with their own expert concerning Mr. Cunningham's most recent conclusions or to depose Mr. Cunningham" before the various deadlines.

In response, Defendants argue that Plaintiffs "have suffered absolutely no prejudice or surprise" by the Third Supplement because it "does not state any new opinions or in any way alter the prior opinions expressed by Mr. Cunningham." ECF No. 35 at 1, 3. As such, Plaintiffs contend the production of the Third Supplement is "harmless." *Id.*

Rule 26(a) governs the disclosure of expert testimony. "A party must make [its expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Supplementation of expert disclosures, however, is required under certain circumstances. Rule 26 provides that disclosures under Rule 26(a) must be supplemented "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or is supplementation is "ordered by the court." Fed. R. Civ. P. 26(a)(2)(E) and 26(e). Importantly, "Rule 26 does not give parties the right to freely supplement, especially after court-imposed deadlines." *Hartle v. FirstEnergy Generation Corp.*, 7 F. Supp. 3d 510, 517 (W.D. Pa. 2014). Furthermore, deadlines in a Case Management Order may be modified only upon showing of good cause. Fed. R. Civ. P. 16(f).

The Court will strike the submission as untimely. The Third Supplement does not seek to, for example, correct an inadvertent error or omission. *See* Fed. R. Civ. P. 26(e)(2) (extending to experts a party's duty to supplement a disclosure if "in some material respect the disclosure or response is incomplete or incorrect."). Rather, the purpose of the Third Supplement – as expressly described in the supplement itself – was to "evaluate[]", "analyze and comment on" the deposition testimony of Mr. Miley. *See* Third Supplement at 1 attached to Letter at ECF No. 35. As such, Defendants' supplement is outside the scope of the Scheduling Order and was served well past the deadline set forth in that Order.

Further, Defendants have not established good cause for modifying the Scheduling Order. As described by Defendants, the Third Supplement is "simply a re-affirmation of Mr. Cunningham's previously stated opinions." ECF No. 35 at 2. As such, the Court finds there is neither good cause nor substantial justification to allow the supplementation.

In sum, the burden is on Defendants to demonstrate that the timing of their service of the Third Supplement was consistent with the Federal Rules of Civil Procedure and the Court's Orders in this case. Defendants have not met this burden. For the reasons above, the Court finds the Third Supplement to be an untimely and improper supplement to the report of Mr. Cunningham. Consequently,

**IT IS** on this 9th day of December 2019

**ORDERED** that the Third Supplement is STRICKEN.

   s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**